UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

| | |
|---|---|
| BILLY JOE SCOTT<br><br>　　Petitioner,<br><br>V.<br><br>GREGORY KIZZIAH, Warden,<br><br>　　Respondent. | Civil Action No. 7: 17-194-KKC<br><br>**MEMORANDUM OPINION<br>& ORDER** |

\*\*\*　\*\*\*　\*\*\*　\*\*\*

Petitioner Billy Joe Scott is a prisoner confined at the United States Penitentiary-Big Sandy ("USP-Big Sandy") in Inez, Kentucky. Proceeding without an attorney, Scott has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] and a motion to waive payment of the $5.00 filing fee. [R. 3]

However, the documents filed by Scott indicate that his current inmate trust account balance is $157.54. [R. 4] Because federal taxpayers pay Scott's living essentials, he has sufficient funds to pay the $5.00 filing fee. The Court will deny Scott's fee motion, and he must pay the $5.00 filing fee within 21 days. Because the filing fee is incurred when the petition is filed, and because Scott claims that the funds in his inmate account are "frozen," the Court will direct the Bureau of Prisons ("BOP") to deduct the five dollar filing fee from funds in Scott's inmate account to satisfy that financial obligation.

Turning to Scott's § 2241 petition, in May 2011, a federal grand jury in the Eastern District of North Carolina issued an indictment charging Scott with: (1) being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(l) (count 1); (2) robbery of a business in interstate commerce, in violation of 18 U.S.C. § 1951 (counts 2, 3, 4, and 5); and (3) using and carrying a

firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(l)(A)(ii) (counts 6, 7, 8, and 9). In September 2011, pursuant to a plea agreement, Scott pleaded guilty to counts six and seven, using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(l)(A)(ii). The remaining counts against Scott were dismissed. On January 11, 2012, the court held a sentencing hearing and calculated Scott's advisory guideline range to be 384 months based on the statutory minimum sentence. The court sentenced Scott to a term of imprisonment of 384 months. Scott did not appeal his conviction or sentence.

In January 2013, Scott filed a pro se motion to vacate his sentence pursuant to 28 U.S.C. § 2255 asserting that he unintelligently and unknowingly waived his right to appeal based on his attorney's ineffective assistance of counsel. Scott's motion was denied in August 2013.

In June 2016, Scott (represented by counsel) filed a second or successive motion to vacate his sentence pursuant to 28 U.S.C. § 2255, seeking relief under *Johnson v. United States*, 135 S.Ct. 2551 (2015) and *Welch v. United States* 136 S.Ct. 1257 (2016). In July 2016, the Fourth Circuit Court of Appeals issued an order finding that Scott made a prima facie showing that the new rule of constitutional law announced in *Johnson* may apply to his case and, accordingly, granted authorization for Scott to file a second or successive § 2255 motion. Although the district court initially ordered the government to respond to Scott's motion, in February 2017, the court granted the government's motion to hold the matter in abeyance pending the decision of the United States Supreme Court in *Lynch v. Dimaya*, No. 15-1498 (S.Ct. 2017). Thus, although the matter is currently in abeyance, Scott's second or successive § 2255 motion remains pending as of this writing. *United States v. Scott*, No. 5:11-cr-128-D-1 (E.D.N.C. 2011).

Notwithstanding his pending § 2255 motion, Scott has filed a § 2241 petition in this Court seeking relief from his conviction and sentence on the grounds that he is "actually innocent" of

brandishing a firearm in furtherance of a crime of violence in violation 18 U.S.C. § 924(c)(1)(A)(ii). [R. 1-1 at p. 1] In his petition, Scott argues that, because he was not punished for any crime of violence in addition to his present sentence, he does not fit within the statutory scope of § 924(c)(1)(A)(ii). [*Id.*]

However, the proper mechanism for a federal prisoner to challenge his or her conviction or sentence is through a motion to vacate filed pursuant to 28 U.S.C. § 2255. *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). A habeas corpus petition under 28 U.S.C. § 2241 may only be used to challenge a federal conviction under very narrow circumstances where the remedy provided by § 2255 is structurally inadequate. *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003). Scott is currently challenging his convictions through a motion for relief under Section 2255, rendering a petition under § 2241 premature. *Smith v. United States*, 89 F.3d 835 (6th Cir. 1996); *United States v. Robinson*, 8 F.3d 398, 405 (7th Cir. 1993). Scott must first fully litigate his § 2255 motion before he may even attempt to seek relief from this Court pursuant to § 2241. *See White v. Grondolsky*, No. 6:06-cv-309-DCR, 2006 WL 2385358, *3 (E.D. Ky. 2006) ("[T]he Petitioner must first pursue his trial court remedy under § 2255 before he may seek relief under § 2241."). Thus, Scott's § 2241 petition will be denied.

Accordingly, **IT IS ORDERED** as follows:

1. Scott's motion to waive payment of the $5.00 filing fee [R. 3] is **DENIED**.

2. The Clerk of the Court shall send a copy of this Order to the warden of the institution in which Scott is currently confined.

3. Scott's custodian shall send the Clerk of the Court payment of the $5.00 filing fee from funds in Scott's inmate trust fund account, so long as the amount in the account exceeds $10.00.

4. Scott's petition for a writ of habeas corpus [R. 1] is **DENIED**.

5. The Court will enter a judgment contemporaneously with this order.

6. This matter is **DISMISSED** and **STRICKEN** from the docket.

Dated January 4, 2018.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY